UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK WANG | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| HP, INC. | : | DECEMBER 13, 2017 |

# COMPLAINT

COUNT ONE

1. This is an action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of his disability and refused to provide him a reasonable accommodation of his disability.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in Southbury, Connecticut. He suffers from a disability which impairs one or more of his major life activities, that

is, depression and anxiety and bipolar disorder, a disability known to the defendant at the time the plaintiff was employed by the defendant.

4. The defendant is, and at all times herein mentioned was, a Delaware corporation, having its principal place of business in Palo Alto, Califormia, and doing business in Farmington, Connecticut. During all times mentioned in this action, the plaintiff was employed by the defendant, which is and at all times herein mentioned was, an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint with the United States Equal Employment Opportunity Commission and having received a Notice of Right to Sue dated October 10, 2017.

6. The plaintiff was hired by the defendant as a Marketing Development Consultant, Healthcare & Life Sciences, working out of his home in Southbury, Connecticut.

7. The plaintiff had suffered from a diagnosed condition of depression and anxiety for years prior to being hired by the defendant.

8. The plaintiff's position with the defendant was stressful and the stress was severely exacerbated when the defendant began pressuring the plaintiff to relocate to the State of Idaho. As a result, the plaintiff was placed on FMLA

leave/disability leave on or about October 1, 2014.

9. On or about September 1, 2015, the plaintiff informed the defendant that he could return to work on a reduced schedule of 20 hours per week, an accommodation required by his disability. Between that date and October 30, 2015, the plaintiff identified a position for which he was qualified that would make that accommodation and requested reassignment to it. The defendant refused to do so.

10. The defendant refused to provide the requested accommodation and the plaintiff remained on disability leave until on or about November 30, 2015. At that time, the plaintiff's physician approved the plaintiff's return to work on a schedule of 30 hours per week while still on partial disability.

11. Although the defendant permitted the plaintiff to return to work under those conditions, the defendant instructed the plaintiff to look for another position within the company.

12. The defendant failed to assist the plaintiff in locating any other position within the company, although upon information and belief such positions were available that would accommodate his disability.

13. As a result, the plaintiff's employment by the defendant was terminated on January 22, 2016.

WHEREFORE, the plaintiff claims judgment against the defendant as

follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. A temporary and permanent injunction requiring the defendant forthwith to to reinstate the plaintiff with full back pay and benefits;

E. Such other relief as this court shall consider to be fair and equitable, including back pay and front pay as an alternative to retroactive reinstatement.

COUNT TWO

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of his race and national origin.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in Southbury, Connecticut. He is an Asian male of Chinese ancestry.

4. The defendant is, and at all times herein mentioned was, a Delaware corporation, having its principal place of business in Palo Alto, Califormia, and doing business in Farmington, Connecticut. During all times mentioned in this action, the plaintiff was employed by the defendant, which is and at all times herein mentioned was, an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint of employment discrimination with the United States Equal Employment Opportunity Commission and having received a Notice of Right to Sue dated October 10, 2017.

6. The plaintiff was hired by the defendant on or about December 1, 2012, as a Marketing Development Consultant, Healthcare & Life Sciences. He worked from his home in Southbury, Connecticut.

7. The plaintiff was the only Asian employed in his business unit.

8. Randy Hickel, the plaintiff's manager, frequently subjected the plaintiff to "jokes" about his Asian ancestry, claimed falsely that the plaintiff lacked good

communication skills in English, and expressed a personal dislike of Asian culture. The plaintiff was denied the same opportunities to make presentations at healthcare conferences as were afforded to his peers, with the explanation that his accent was unacceptable.

9. Commencing in the spring of 2014, the defendant singled out the plaintiff alone among his peers to be transferred out of New England to an office in Boise, Idaho. Most of the plaintiff's customers, and all of his best customers, were located much closer to Connecticut than to Idaho. There was no legitimate business reason for this order. None of the plaintiff's Caucasian peers was ordered to transfer and all of them instead were relocated within the same business unit. Between on or about December 1, 2015, and January 22, 2016, the defendant reassigned the plaintiff's Caucasian peers to positions not requiring relocation. However, the plaintiff was denied the same treatment.

10. As a result, effective on January 22, 2016, the plaintiff's employment by the defendant was terminated.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just,

reasonable and fair;

C. Attorney fees and the costs of this action;

D. A temporary and permanent injunction requiring the defendant forthwith to reinstate the plaintiff with full back pay and benefits;

E. Such other relief as this court shall consider to be fair and equitable, including back pay and front pay as an alternative to reinstatement.

THE PLAINTIFF

BY: *\/s/ (ct00215)*

JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com
His Attorney